UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW CLAUDIO, NATHAN KIMENKER, and DAVID GILTZ,<br><br>Plaintiffs,<br><br>v.<br><br>TMX FINANCE LLC; TMX FINANCE OF NEVADA, LLC; TITLE MAX OF NEVADA, INC.; TITLE MAX OF GEORGIA, INC.,<br><br>Defendants. | Case No. 2:13-cv-620-JAD-VCF<br><br>Order re: Motion to Dismiss [#15] |

This is a wage-and-hour action by general managers of Title Max alleging violations of the Fair Labor Standards Act ("FLSA") and Nevada's employment laws and seeking a declaratory judgment. Doc. 1-1. Defendant TMX Finance, LLC, acknowledges that it was served with state-court process before it removed the case here in April 2013. Defendants TMX Finance of Nevada, LLC, Title Max of Nevada, Inc., and Title Max of Georgia, Inc. (collectively "the state-process defendants) were served with the summonses issued by the state court after removal. They dispute the validity of that service under 28 U.S.C. § 1448 and ask the court to quash it. Along with TMX Finance, LLC, all defendants except Title Max of Nevada, Inc. challenge this court's exercise of personal jurisdiction over them and alternatively move to dismiss the case under FRCP 12(b)(2). All defendants also challenge the legal basis for the state-law claims and the sufficiency of the declaratory-relief claim and move to dismiss all of those claims under FRCP 12(b)(6).

I find that service on the state-process defendants is defective and quash those state-court-

issued summonses served after removal, and I find good cause under FRCP 4(m) to give plaintiffs 30 days to effectuate proper federal service on these defendants. I grant plaintiffs 30 days in which to conduct personal-jurisdiction discovery as to TMX Finance, LLC. Although I reserve decision on TMX Finance, LLC's jurisdictional challenge until after further briefing, I deny all other aspects of defendants' motion to dismiss (Doc. 15) as premature in light of this order.

## Discussion

### A. The State-process Defendants' Motion to Quash

The parties agree that only TMX Finance, LLC was served with state-court-issued process before this case was removed from state court; all remaining defendants were served with state-court-issued process after removal. 28 U.S.C. § 1448 provides that, in all removed cases "in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." The Ninth Circuit explained the application and effect of this rule in *Beecher v. Wallace*, clarifying that when a defendant "has not been served at all with state process prior to removal . . . the state court never acquires jurisdiction over him," and "the federal court cannot 'complete' the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The state court process becomes null and void on the date the action is removed to the federal court." 381 F.2d 372, 373 (1967). Thus, the yet unserved state-court-issued summonses became null and void upon TMX Finance, LLC's removal, and plaintiffs were required to have new summonses issued by this court. The net effect of plaintiffs' failure to do so is that no court has acquired jurisdiction over the state-process defendants. Plaintiffs' post-removal service of the state-court-issued summonses on the state-process defendants is defective and it is quashed. Because I find that I lack jurisdiction over these defendants until service is properly effected, I deny all other aspects of their motion to dismiss (Doc. 15) as premature and without prejudice.

But I do not conclude that dismissal of the action against these defendants is the fair and

appropriate remedy for this error. Although plaintiffs should have had the summonses reissued in this court once removal occurred and served these remaining defendants within 120 days of removal, Federal Rule of Civil Procedure 4(m) permits district courts to extend that service period beyond the 120 days for good cause. Defendants pointed out the service error to plaintiffs in their May 10, 2013, motion to dismiss.[1] Plaintiffs requested in their May 28, 2013, opposition the opportunity to cure the deficiency.[2] But for the backlog of cases and pending motions in this district, this dispute over the sufficiency of service may have been resolved well in time for plaintiffs to have the federal summonses issued and served before the 120-day period expired on August 9, 2013. Accordingly, I find good cause to extend the service period to the 30th day following the entry of this order. *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) ("A district court may . . . extend time for service retroactively after the 120–day service period has expired.").

B.  **Personal Jurisdiction over TMX Finance, LLC**

The deficiency in service on the state-process defendants leaves this court with jurisdiction over just one defendant—TMX Finance, LLC. TMX Finance, LLC challenges this court's exercise of personal jurisdiction over it. Plaintiffs identify significant evidence of minimum contacts that they believe jurisdictional discovery would reveal (e.g., that TMX Finance, LLC was responsible for paying these Nevada employees and soliciting employees within this state) and ask the court to allow limited jurisdictional discovery. I find that the plaintiffs have demonstrated good cause to permit limited jurisdictional discovery. Accordingly, plaintiffs shall have 30 days from the date of this order to complete discovery into TMX Finance, LLC's contacts with Nevada. Plaintiffs shall file a supplemental opposition to the motion to dismiss by August 28, 2014, addressing *only* the jurisdictional argument and providing the court with properly authenticated evidence[3] to support the exercise of personal jurisdiction over TMX Finance, LLC. Defendant TMX shall then have until

---

[1] Doc. 15 at 8.

[2] Doc. 18 at 12.

[3] Plaintiffs are cautioned that their evidence submission must comply with the authentication requirements explained in *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).

September 8, 2014, to file a responsive brief.[4] The supplemental briefs are limited to 10 pages each, not including exhibits. The parties shall appear for oral argument on the supplemental issues on September 22, 2014, at 2:30 p.m. **The parties are cautioned that requests for extensions of time, enlargements of page limits, or further supplementation will be looked upon with disfavor.** All other aspects of TMX Finance, LLC's motion-to-dismiss arguments are denied as premature and without prejudice.

## Order

Accordingly, and for all the foregoing reasons, IT IS HEREBY ORDERED that:

1. TMX Finance of Nevada, LLC, Title Max of Nevada, Inc., and Title Max of Georgia, Inc.'s motion to quash service of the state-court-issued process (Doc. 15 at 8) is GRANTED; Plaintiffs' post-removal service of the state-court-issued summonses on these defendants is quashed.

2. All other aspects of TMX Finance of Nevada, LLC, Title Max of Nevada, Inc., and Title Max of Georgia, Inc.'s motion to dismiss (Doc. 15) are denied as premature and without prejudice;

3. Plaintiffs shall have 30 days from the date of this order to effectuate proper service on TMX Finance of Nevada, LLC, Title Max of Nevada, Inc., and Title Max of Georgia, Inc.; Plaintiffs are strongly cautioned that their failure to effectuate proper service on these defendants within 30 days of this order may result in the dismissal of the claims against these defendants;

4. Plaintiffs shall have 30 days from the date of this order to complete discovery into TMX Finance, LLC's contacts with Nevada. Plaintiffs shall file a supplemental opposition to the motion to dismiss by August 28, 2014, addressing *only* the jurisdictional argument and providing the court with properly authenticated evidence to support the exercise of personal jurisdiction over TMX Finance, LLC. Defendant

---

[4] Plaintiff will not be permitted a reply. I will reserve decision on TMX Finance, LLC's personal jurisdiction challenge (Doc. 15) until after supplemental briefing.

TMX shall then have until September 8, 2014, to file a responsive brief. The supplemental briefs are limited to 10 pages each, not including exhibits.

5. Counsel for plaintiffs and TMX Finance, LLC shall appear for oral argument on the supplemental jurisdictional matters on September 22, 2014, at 2:30 p.m.

6. Requests for extensions of these dates, deadlines, or limitations will be disfavored.

7. All other aspects of TMX Finance, LLC's motion-to-dismiss arguments are denied as premature and without prejudice.

DATED this 14th day of July, 2014.

_____
Jennifer A. Dorsey
United States District Court Judge